[Ganesh] Nadi Viswanathan
Attorney-at-Law
469 Seventh Ave., Seventh Flr.,
New York, NY 10018
Tel.: (212) 359-9367; Fax: (646) 727-9765
Email: info@divorceimmigrationattorneys.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____X

**PATRICK EDIAGBONYA,**                                         **CASE NUMBER:**
2261 Creston Ave., First Flr.,
Bronx, NY 10453

     v.                                                           **COMPLAINT**

**STEVEN TERNER MNUCHIN,**
United States Secretary of Treasury
Department of the Treasury
1500 Pennsylvania Ave., N.W.
Washington, D.C. 20220,

**David J. Kautter**
Acting Commissioner
Internal Revenue Service
United States Department of the Treasury
1111 Constitution Ave., NW
Washington, DC 20224. And

**LAINA MERCANDETTI**
1767 CNT Place Ave., Suite 228
Yonkers, NY 10710                                          **<u>Jury Trial Demanded</u>**
                             Defendants.
_____X

**COMPLAINT**

    1. This is an action brought pursuant to the provisions of the Federal Tort Claims Act

(FTCA) 28 U.S.C. § 1346(b),  28 U.S.C. § 2675, 28 U.S.C. §2401(b) and other applicable

provisions of the Federal Statutes, against the determination by the Claims Management Office,

IRS Office of Chief Counsel (CC:GLS:CLP), 1111 Constitution Ave., NW, R. 6404,

Washington, DC 20224, dated October 30, 2017, denying the claim of the plaintiff, **PATRICK EDIAGBONYA** (hereafter "plaintiff") in respect of a claim for damages for injury suffered by the plaintiff on account of the tortious conduct of a federal employee (being Ms. Laina Mercandetti, upon information and knowledge an IRS employee and the driver of the Official motor vehicle, operated on or about August 12, 2015, in or about the junction of Chambers St., and Broadway, Downtown New York, New York).

2.  The plaintiff, **PATRICK EDIAGBONYA**, is a resident of the State of New York and currently resides at 2261 Creston Ave., First Flr., Bronx, New York 10453,.

3. Because the plaintiff, **PATRICK EDIAGBONYA**, has suffered an injury in fact – i.e., on or about August 12, 2015, he was hit and injured and thereby suffered damage at the hands of and pursuant to the reckless, negligent and careless operation of a motor vehicle by Ms. Laina Mercandetti, a federal employee, being an employee of the defendant no. 2, i.e., Internal Revenue Service, at or about the junction of Chambers Street  and Broadway, the plaintiff has standing to complain of the tortious act of the federal employee, acting within the scope of the employee's official responsibilities, pursuant to and under the provisions of the Federal Torts Claims Act, (FTCA), 28 U.S.C. § 1346(b) and 28 U.S.C. §2675.

4. The Defendant no. 1, **STEVEN TERNER MNUCHIN,** is the United States Secretary of Treasury, upon information, having his Offices in the District of Columbia, and is sued in his official capacity.

6. The Defendant no. 2, **DAVID J. KAUTTER,**  the Acting Commissioner, Internal Revenue Service of the United States Department of Treasury, upon information, having his Offices in the District of Columbia. He is sued in his official capacity also.

2

7.   The defendant no. 3 **LAINA MERCANDETTI,** is a Federal Employee, being employed by the Internal Revenue Service, at its New York Office at 290 Broadway, New York, New York 10007, and a resident of 1767 CNT Place Ave., Suite 228, Yonkers, NY 10710.

8. This being a civil action against the United States arising under provisions of the Federal Torts Claims Act (FTCA), 28 U.S.C. §2675, and 28 U.S.C. §2401(b), the laws of the United States, original jurisdiction on this matter is vested in this Court by 28 U.S.C. §1331 as well as 28 U.S.C. §1346(b).

9. Pursuant to 28 U.S.C. §1391(e), venue is proper in the U.S. District Court for the Southern District of New York, within whose jurisdiction lies the County of Bronx, New York, wherein the Plaintiff PATRICK EDIAGBONYA resides.[1]

**FACTUAL BACKGROUND**

10.   On or about August 12, 2015, at about 5:45 a.m., plaintiff, a pedestrian, while crossing Chambers Street at the intersection of Broadway, in New York, NY, was struck by the left front portion of the motor vehicle that was being operated by defendant no.3, at the plaintiff's waist, and entire lower back and right ankle causing plaintiff's left shoulder to hit/come into contact with the street/ground ("accident").   The front portion of the vehicle struck the entire lower back/waist portion of the plaintiff and a front tire of the vehicle ran over plaintiff's right foot seriously injuring his right ankle.   He even injured his left ankle.   Plaintiff's left shoulder and head heavily came into contact with the street and jerking his neck and causing serious injuries to the aforementioned portions of the plaintiff.

---

[1] This action could also be filed in District of Columbia, the Federal Department of defendant, Secretary of Treasury and the Commissioner of Internal Revenue Service, are situate and the place where the facts giving rise to the action arose. Nonresident noncitizens have been held not to have a residence for venue purposes.

11.  The Defendant no.3, LAINA MERCANDETTI, a Federal employee (an employee of the Internal Revenue Service) and the operator of the motor vehicle involved in the accident herein, upon information and belief, recklessly, negligently and carelessly operated the motor vehicle, and further failed to obey the relevant provisions of the New York State Motor Vehicle and Regulations, thus causing the injury and damage to the plaintiff.

12.  Upon information and belief, the accident could have been prevented had the Defendant no., LAINA MERCANDETTI, operated the motor vehicle in a reasonable manner as required by the law.

13.  The accident happened without any fault on the part of the plaintiff, PATRICK EDIAGBONYA, and, therefore, there was no contributory negligence.

14.  Because of the accident, plaintiff alleges he sustained some serious and extreme injuries.  Plaintiff was rushed to the hospital from the accident scene by an emergency ambulance and he was admitted to the Emergency Room of the New York Presbyterian Hospital at A10, Emergency Room, 170 Williams Street, New York, NY 10038, where he was treated for his injuries and released.

15. Plaintiff, after release from the Presbyterian Hospital, then, saw his doctor, Dr. Fausto Gonzalez, MD, Internal Medicine, at Jerome Medical Center, 1 East Tremont Ave., Bronx, NY 10453.  Plaintiff also received orthopedic/physical therapy and rehabilitation treatment under Dr. Osafradu Opam, MD, MS at Pambo Medical Neuro-Rehabilitation, 930 Grand Concourse, Bronx, NY 10451.

16.   Plaintiff, further, went through two surgeries that were performed to plaintiff's right ankle and right shoulder on different dates by Dr. John Mitamura, Orthopedic Surgeon at Beacon Hill Orthopedics located at 20 Beacon Hill Drive., Suite 2A, Dobbs Ferry, NY 10522.

17.   Further, six bouts of epidural were injected into plaintiff's lower back/spinal area by Dr. David Marshak (Pain Management, 729 Pelham Parkway North, Bronx, NY 10467.

18.   Because of the accident, the plaintiff suffered and continued to suffer from neck, left shoulder, lower back and hip and left ankle pains.  He  also experienced lower back stiffness as well as spasm and radiating pain on his left arm.  He also experienced pain and discomfort when wearing shoes, especially dressing shoes.  The plaintiff also experienced numbness and tingling in his left fingers.  Plaintiff's lower back/spinal area and the right ankle injuries are, upon information and belief, permanent in nature.  Plaintiff has still pains, discomfort, decreased sensory perception, spasms, numbness and tingling sensation.  Plaintiff continues to take medicines for the pain and discomfort.  Plaintiff is also very much concerned about the adverse effects of the opioids that will have on him.

19.   Plaintiff, as a result of the accident, has had difficulty having sexual activity with his wife, Lakeshia Hargrove. Plaintiff  has almost abstained from sexual activity.  Plaintiff also used to play basketball with his wife, two step-children, Stephon Hargrove and Stephanie.  Plaintiff used to play football with his two step-children.  He has been unable to play these games as well ever since the accident. After the accident, plaintiff has been unable to perform any household chores. Plaintiff's wife suffered and suffers from loss of consortium.

20.   Plaintiff was unable to return to work for over 90 days immediately after the accident.  He was also unable to return to work for extended period of time after his two separate

surgeries. Though, now, he has returned to work full-time, plaintiff continues to suffer and experience pain to his lower back, and right ankle, which are severely and adversely affecting his work performance.

21.   Plaintiff exhausted the administrative claim and duly presented his claim to the Claims Management Office, IRS Office of Chief Counsel, (CC:GLS:CLP) 1111 Constitution Ave., NW, R 6404, Washington, DC 20224, pursuant to 28 CFR § 14.2, within the time provided.

22.   However, the said IRS Office wrongfully denied the claim of the plaintiff on an erroneous basis.

23.  Such denial was, arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence in the record and/or otherwise not in accordance with law, rules, or regulations, an error of judgment, and resulting from failure to follow proper procedural requirements.

24.   Nevertheless, IRS Claims Office, notified the plaintiff pursuant to its letter dated October 30, 2017, to file the instant suit before the appropriate Federal District Court, pursuant to 28 U.S.C. §2675. in case the plaintiff wanted to contest the said determination, which the plaintiff is complying with now.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against the defendants, containing the following relief:

6

A.      An award of damages in an amount to be determined at trial, plus prejudgment

interest to compensate Plaintiff for all non-monetary and/or compensatory

damages, including but not limited to, compensation for his mental anguish and

emotional distress, humiliation, embarrassment, stress and anxiety, and emotional

pain and suffering and any other physical and mental injuries, along with attorney

fees, costs and expenses;

B.      An award of costs that the Plaintiff has incurred in the action, as well as

reasonable attorneys' fees; and

C.      Such other and further relief, as the Court may deem just, equitable and proper.


**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of facts and damages stated

herein.


Respectfully submitted this 30th day of APRIL 2018.


Yours, etc.,

*/s//nadi ganesan*
*viswanathan//nv2513*
_____
[Ganesh] Nadi Viswanathan,
Attorney-at-Law
469 Seventh Ave., Seventh Flr.,
New York, NY 10018
Tel.(212)-359-9367; Fax (646)727-9765
Email:
info@divorceandimmigrationattorneys.com
Attorneys for the plaintiff,

7

Patrick Ediagbonya

**TO:**

1. **STEVEN TERNER MNUCHIN,**
   United States Secretary of Treasury
   Department of the Treasury
   1500 Pennsylvania Ave., N.W.
   Washington, D.C. 20220

2. **David J. Kautter**
   Acting Commissioner
   Internal Revenue Service
   United States Department of the Treasury
   1111 Constitution Ave., NW
   Washington, DC 20224. And

3. **LAINA MERCANDETTI**
   1767 CNT Place Ave., Suite 228
   Yonkers, NY 10710

**VERIFICATION**

[GANESH] NADI VISWANATHAN, affirms under penalties of perjuries and state as follows:

That I am an attorney admitted to practice before the courts in the State of the New York.

I have read the foregoing complaint and know the contents thereof, which are to my knowledge true, except as to matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters stated upon information and belief are the papers and notes of my interviews with the client, as contained in the files kept in our office. The reason this verification is not made by the plaintiff is that plaintiff is not residing in the county where the undersigned counsel has his offices.

DATED: APRIL 30, 2018
     NEW YORK, NY

               /sd/NADI GANESAN VISWANATHAN//
               ([GANESH] NADI VISWANATHAN, ESQ.)

9