UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PATRICK EDIAGBONYA,                                         :
                                                            :
                               Plaintiff,                   :
                                                            :              18-CV-3882 (VSB)
         - against -                                        :
                                                            :              **OPINION & ORDER**
UNITED STATES OF AMERICA,                                   :
                                                            :
                               Defendant.                   :
                                                            :
------------------------------------------------------------X

Appearances:

Nadi Ganesan Viswanathan
Viswanathan Asia-Pacific International Law Practice GR.
New York, New York
*Counsel for Plaintiff*

Danielle J. Levine
United States Attorney's Office for the Southern District of New York
New York, New York
*Counsel for Defendant.*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Patrick Ediagbonya ("Plaintiff" or "Ediagbonya") brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671, *et seq*. ("FTCA"), seeking to recover for alleged injuries stemming from a motor vehicle accident on August 12, 2015, involving an employee of the Internal Revenue Service ("IRS"). Because Plaintiff has failed to show that Plaintiff's counsel acted diligently in his attempt to timely file Plaintiff's Complaint, equitable tolling cannot be invoked, and Defendant's motion for summary judgment dismissing Plaintiff's Complaint as untimely is GRANTED.

I. **Background**

On August 12, 2015, Plaintiff was involved in a motor vehicle accident with an employee of the IRS. (Pl. Fact St.[1] ¶ 1.) Plaintiff sustained injuries to his shoulder and ankle, and continues to suffer from neck, shoulder, lower back, hip, and ankle pain. (Compl.[2] ¶¶ 14–18.) Plaintiff filed a claim with the Claims Management Office of the IRS, which was denied. (Pl. Fact St. ¶¶ 2, 3.) The IRS Claims Office notified Plaintiff by letter dated October 30, 2017, that if he intended to appeal the denial of his claim, he must file suit in an appropriate Federal District Court no later than six months from the date of the letter—on or before April 30, 2018. (*Id.* ¶¶ 4–6; Levine Decl.[3] Exh. 6, Doc. 33-6.) Plaintiff filed this action on May 1, 2018, at 12:05 a.m. (Viswanathan Decl.[4] Exh. 1.)

II. **Procedural History**

Plaintiff commenced this action by filing a Complaint on May 1, 2018, (Doc. 1), which was re-filed on May 2, 2018 (Doc. 5), as the initial filing was deemed deficient by the Clerk's Office.[5] On the same day he initially attempted to file the Complaint, Plaintiff also filed a motion seeking relief *nunc pro tunc*, claiming that he made the requisite efforts to file the case on or before April 30, 2018, but was unable to do so due to a "computer technical-hang of the

---

[1] "Pl. Fact St." refers to Plaintiff's Response Rule 56.1 Statement and Plaintiff's Rule 56.1 Statement. (Doc. 40.)

[2] "Compl." refers to Plaintiff's Complaint, filed on May 1, 2018, (Doc. 1), and re-filed on May 2, 2018 (Doc. 5), as the initial filing was deemed deficient by the Clerk's Office.

[3] "Levine Decl." refers to the Declaration of Danielle J. Levine in support of Defendant's motion for summary judgment. (Doc. 33.)

[4] "Viswanathan Decl." refers to the Declaration of [Ganesh] Nadi Viswanathan filed in opposition to Defendant's motion for summary judgment. (Doc. 37.)

[5] Plaintiff's Complaint is deemed as having been filed on May 1, 2018. *See Johnson v. Colvin*, No. 15–cv–3865 (KBF), 2015 WL 7078648, *2–*3 (S.D.N.Y. Nov. 13, 2015) (finding that a complaint which was "not docketed solely due to a technical issue with the signature's format," is considered as having been filed on the date initially received); Fed. R. Civ. P. 5 ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.").

Court's website at around midnight." (Doc. 4 ¶ 7.)

On October 25, 2018, Defendants Steven Mnuchin, David Kautter and Laina Marcandetti, filed an Answer to the Complaint, and a memorandum of law in opposition to the motion for relief *nunc pro tunc*. (Docs. 18, 19.) Plaintiff filed his reply in further support of his motion on October 30, 2018. (Doc. 20.) On November 5, 2018, I issued an order allowing Plaintiff to amend the Complaint and substitute the United States as Defendant in place of Defendants Steven Mnuchin, David Kautter and Laina Marcandetti. (Doc. 21.) I also explained that "[b]ecause the limitations period set forth in § 2401(b) is non-jurisdictional, this action may proceed if Plaintiff succeeds in establishing that he is entitled to equitable tolling." (*Id.*)

On December 3, 2018, I entered a case management plan and scheduling order, which set a schedule for summary judgment motions, (Doc. 25,) and that schedule was revised on February 8, 2019, (Doc. 30). Defendant filed its motion for summary judgment on March 7, 2019, accompanied by a memorandum of law, a declaration with exhibits, and a rule 56.1 statement, (Docs. 31–34). Plaintiff filed a memorandum of law in opposition accompanied by a rule 56.1 statement and a declaration with exhibits, on April 18, 2019, (Docs. 37, 39, 40,) and Defendant filed a reply memorandum of law accompanied by a response to Plaintiff's rule 56.1 statement and a declaration on April 30, 2019, (Docs. 41–43).

### III. Legal Standard

Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.* at 256, and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

Additionally, in considering a summary judgment motion, a court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation and

internal quotation marks omitted); *see also Matsushita*, 475 U.S. at 587.  "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied.  *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

## IV. Discussion

In my Order of November 5, 2018, I explained to the parties that "[b]ecause the limitations period set forth in § 2401(b) is non-jurisdictional, this action may proceed if Plaintiff succeeds in establishing that he is entitled to equitable tolling." (Doc. 21 (citing *United States v. Wong*, 575 U.S. 402, 418–20 (2015)).)  "To qualify for [equitable tolling,] the [plaintiff] must establish that extraordinary circumstances prevented him from filing his [claim] on time, and that he acted with reasonable diligence throughout the period he seeks to toll."  *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)).  "The plaintiff must also show that his lawyers were reasonably diligent in determining 'the appropriate parties to sue, and what, if any, restrictions on the time and forum for bringing such a claim might exist.'"  *Id.* (quoting *A.O.C. ex rel. Castillo v. United States*, 656 F.3d 135, 145 (2d Cir. 2011)).  "One who fails to act diligently cannot invoke equitable principles to excuse [a] lack of diligence."  *Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62, 64 (2d Cir. 2018) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

Here, Plaintiff has not demonstrated that he acted diligently during the relevant time period, or that the circumstances are so extraordinary as to warrant equitable tolling.  Although he had six months to file the Complaint in this action, Plaintiff's counsel did not attempt to file the Complaint until the evening of the very last day of the limitations period—April 30, 2018—

at which time he purportedly encountered "technical failure" on the ECF system and could not file the Complaint until 12:05 a.m., on May 1, 2018.[6] (Pl. Mem.[7] 5.) A court in this District has found that technical problems with the ECF system, when plaintiff waited until the last day to file a complaint, is not sufficient to warrant the application of equitable tolling. *Yesh Diamonds, Inc. v. Yashaya*, 2010 WL 3851993, at *3 (S.D.N.Y. Sept. 27, 2010) (finding plaintiff's counsel showed a lack of lack of due diligence by waiting "until the eleventh hour to attempt his filing," and that his inability to file the Complaint due to problems encountered on ECF was insufficient to justify equitable tolling); *Temburri v. Berryhill*, No. 16-CV-5784 (PKC), 2018 WL 1175141, *2 (E.D.N.Y. Mar. 5, 2018) (denying to apply equitable tolling when Plaintiff's counsel's computer crashed and froze, causing Plaintiff's counsel to file his motion 50 minutes after the deadline) (listing cases).

Plaintiff's counsel also does not explain why the Complaint was not filed at any point during the six-month period from the date of the IRS's letter, and merely states he "took all diligent steps as were required to file this Complaint on or before April 30, 2018." (Pl. Mem. 5; *see also* Plaintiff's Motion *nunc pro tunc*, Doc. 4 ¶ 7 ("Plaintiff . . . made all the efforts to file the suit in this action on April 30, 2018. However, because of a computer technical-hang of the Court's website at around midnight, the Complaint could only be filed five minutes past the

---

[6] I note that the nature of the technical difficulties is not clear from and has not been explained in Plaintiff's filings. Based on Plaintiff's memoranda of law he appears to claim that the technical difficulty was the fault of the ECF system, (Pl. Mem. 5; *see also* Plaintiff's Motion *nunc pro tunc*, Doc. 4 ¶ 7); however, after being confronted by Defendant's opposition papers, Plaintiff altered the basis for the alleged technical difficulty in response to Defendant's rule 56.1 fact statement claiming that his attorney's computer froze, and it was his attorney's computer failure, not a failure of the ECF system, that caused the untimely filing, (Pl. Fact. St. ¶ 15). Plaintiff's shifting factual assertions were no doubt attributable to Defendant's submission of a letter from the Clerk of Court dated January 11, 2019, which states that the ECF system was operational on April 30, 2018, "without interruption." (Levine Decl. Exh. 7.) Based upon this letter, Plaintiff admits that the ECF system was operational in his response to Defendant's Rule 56.1 fact statement. (Pl. Fact St. ¶ 16.) In any event, neither explanation is sufficient to create an issue of fact concerning whether or not counsel acted diligently; he clearly did not.

[7] "Pl. Mem." refers to Plaintiff's memorandum of law in opposition to Defendant's summary judgment motion. (Doc. 39.)

midnight, i.e. at 0.05 a.m.").) This conclusory statement is insufficient to create an issue of fact on summary judgment. *Anderson*, 477 U.S. at 248 ("a party opposing a properly supported motion for summary judgment . . . must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks omitted)).

Indeed, the evidence in the record demonstrates an absence of diligence. Attorney Viswanathan had from as early as February 2018, to either help Plaintiff's initial counsel, Kwadwo A. Opoku, gain admission to the Southern District of New York to file the Complaint, or to file the Complaint himself. (Levine Decl. Exh. 4, 6–8; Pl. Fact St. ¶ 9). Opoku never applied for admission to the Southern District. (Pl. Fact. St. ¶ 10.) In mid-April, Opoku asked Viswanathan to file the Complaint, roughly two weeks before the filing deadline. (Levine Decl. Exh. 4, 6–8; Pl. Fact St. ¶ 11.) Rather than immediately filing the Complaint, Viswanathan instead waited until "late in the evening on April 30th, 2018" to file the Complaint. (Levine Decl. Exh. 5, at 7.) Plaintiff's counsel failed to explain why he did not file the Complaint within the two weeks before the filing deadline. Therefore, he failed to act diligently, and cannot invoke equitable tolling. *See Phillips*, 723 F.3d at 150. Accordingly, Plaintiff's Complaint was not timely filed, counsel did not act diligently, and the Complaint is dismissed.

## V. <u>Conclusion</u>

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED, and Plaintiff's Complaint is DISMISSED.

The Clerk's Office is respectfully directed to terminate the motion at Document 31 and close the case.

SO ORDERED.

Dated: September 23, 2020
      New York, New York

_____
Vernon S. Broderick
United States District Judge