```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
  PATRICK EDIAGBONYA,                                    :
                                                         :
                                      Plaintiff,         :
                                                         :            18-cv-3882 (VSB)
                - against -                              :
                                                         :            OPINION & ORDER
  UNITED STATES OF AMERICA,                              :
                                                         :
                                                         :
                                      Defendant.         :
---------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2021

Appearances:

Nadi Ganesan Viswanathan
Viswanathan Asia-Pacific International Law Practice GR.
New York, New York
*Counsel for Plaintiff*

Danielle J. Levine
United States Attorney's Office for the Southern District of New York
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

  Before me is Plaintiff Patrick Ediagbonya's ("Plaintiff" or "Ediagbonya") motion pursuant to Local Rule 6.3 and Federal Rules of Civil Procedure 59 and 60 ("Motion") for relief from my September 23, 2020 Opinion & Order (the "9/23/20 O&O", Doc. 48), granting Defendant's motion for summary judgment and dismissing Plaintiff's complaint as untimely. (Doc. 54.)  Because I find that there is no basis for me to reconsider the 9/23/20 O&O, Plaintiff's Motion is DENIED.

I.      **<u>Background and Procedural History</u>**[1]

Plaintiff commenced this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.* ("FTCA"), by filing a complaint on May 1, 2018, (Doc. 1), which was re-filed on May 2, 2018 ("Complaint") (Doc. 5), as the initial filing was deemed deficient by the Clerk's Office.  On the same day he initially attempted to file the Complaint, Plaintiff also filed a motion seeking relief nunc pro tunc, claiming that he made the requisite efforts to file the case on or before April 30, 2018, but was unable to do so due to a "computer technical-hang of the Court's website at around midnight."  (Doc. 4 ¶ 7.)

On October 25, 2018, Defendants Steven Mnuchin, David Kautter and Laina Marcandetti, filed an answer to the Complaint and a memorandum of law in opposition to the motion for relief nunc pro tunc.  (Docs. 18, 19.)  Plaintiff filed his reply in further support of his motion on October 30, 2018.  (Doc. 20.)  On November 5, 2018, I issued an order allowing Plaintiff to amend the Complaint and substitute the United States as Defendant in place of Defendants Steven Mnuchin, David Kautter and Laina Marcandetti.  (Doc. 21.)  I also explained that "[b]ecause the limitations period set forth in § 2401(b) is non-jurisdictional, this action may proceed if Plaintiff succeeds in establishing that he is entitled to equitable tolling."  (*Id.*)  Defendant filed its motion for summary judgment on March 7, 2019, (Docs. 31–34); Plaintiff filed his opposition on April 18, 2019, (Docs. 37, 39, 40); and Defendant filed a reply on April 30, 2019, (Docs. 41–43).

On September 23, 2020, I issued an Opinion & Order in which I found that Plaintiff was not entitled to equitable tolling; therefore, the Complaint was not timely filed.  (*See generally*

---

[1] For purposes of this Opinion & Order, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background summarized in the 9/23/20 O&O.

2

9/23/20 O&O.) I dismissed Plaintiff's Complaint. (*Id.*) On October 8, 2020, Plaintiff filed a letter requesting a 15-day extension of time to file a motion for reconsideration, (Doc. 50), which I granted, (Doc. 51). Plaintiff then sought an additional extension until October 26, 2020 to file his motion, (Doc. 52), which I granted, (Doc. 55.) On October 27, 2020, Plaintiff filed the instant motion for reconsideration. (Docs. 53, 54.) After granting Defendant's request for an extension of time to respond, (Doc. 57), Defendant filed a memorandum of law in opposition to Plaintiff's motion on November 13, 2020, (Doc. 58.) Plaintiff then sought an extension until December 7, 2020 to file a reply, (Doc. 59), which I granted, (Doc. 60.) On December 7, 2020, Plaintiff again sought an extension of time and sought permission to file a reply of up to 20 pages in length. (Doc. 61.) On December 9, 2020, Plaintiff filed a reply that was 17 pages long. (Doc. 62.) That same day, I granted Plaintiff's request for an extension of time but denied his application to file additional pages. (Doc. 63.) Plaintiff then sought clarification on whether I would accept his reply as filed, and requested that I accept the cover page that he appended to his letter. (Doc. 64.) On May 10, 2021, I directed Plaintiff to re-file his reply so that it comported with the page limits outlined in my Individual Rules and Practices. (Doc. 65.) At that time, Plaintiff could also file the reply cover page. (*Id.*) Plaintiff failed to file the reply cover page or to re-file his reply.

## II.   Legal Standards

Local Civil Rule 6.3 allows reconsideration or reargument of a court's order in certain limited circumstances.[2] Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a

---

[2] Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."

clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), *as amended* (July 13, 2012); *see also Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)). "Rather, 'the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys, Inc.*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Under Rule 59(e), a district court may 'alter or amend judgment to correct a clear error of law or prevent manifest injustice.'" *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (quoting *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014)). "The 'manifest injustice' standard is, by definition, 'deferential to district courts and provide[s] relief only in the proverbial "rare case."'" *Id.* (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). However, as the Second Circuit has observed, there is no "manifest injustice" where the movant's arguments for relief "were available to the party" previously "and the party proffers no reason for its failure to raise the arguments." *Id.* (quoting *In re Johns–Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014)).

Similarly, "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only

upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.3d 58, 61 (2d Cir. 1986)). Under Rule 60(b), a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The burden of establishing at least one of these substantive requirements is on the movant, and a determination of whether that showing has been made is within the district court's discretion. *See Sankara v. City of New York*, 15-CV-6928 (VSB), 2019 WL 549018, at *2 (S.D.N.Y. Feb. 11, 2019), *reconsideration denied*, 15-CV-6928 (VSB), 2020 WL 1957412 (S.D.N.Y. Apr. 23, 2020).

### III.  Discussion

Plaintiff's numerous extension requests and untimely and improper filings, as described above, began with Plaintiff's failure to timely file his complaint.

At the outset, I note that even after requesting an extension until October 26, 2020 to file his motion for reconsideration, Plaintiff filed the motion a day late—on October 27, 2020. (*See* Docs. 52–54.) Plaintiff did the same with his reply when he requested an extension until December 8, 2020, (*see* Doc. 61), but did not file the reply until December 9, 2020, (Doc. 62). I could dismiss Plaintiff's motion for reconsideration because it was filed late; however, I will address the merits of Plaintiff's motion. As detailed below, I find that Plaintiff's arguments for reconsideration are without merit.[3]

---

[3] Plaintiff's lengthy reply, (Doc. 62), does not change my determination; therefore, I do not consider whether it

Much of Plaintiff's Motion consists of arguments that I considered and rejected in my 9/23/20 O&O.  First, Plaintiff avers that I failed to consider certain facts when rejecting Plaintiff's request for equitable tolling.  (Doc. 54, at 6–10.)  In particular, he challenges my description of counsel changing his statement about why he filed the complaint late and my finding that counsel was not diligent.  (*Id.*)  In a footnote in the 9/23/20 O&O, I noted that "the nature of the technical difficulties [was] not clear from and ha[d] not been explained in Plaintiff's filings" and that "after being confronted by Defendant's opposition papers, Plaintiff altered the basis for the alleged technical difficulty" however, "neither explanation [was] sufficient to create an issue of fact concerning whether or not counsel acted diligently; he clearly did not."  (9/30/20 O&O 6 n.1.)  As I noted, neither explanation would have changed my finding that counsel did not act diligently, and Plaintiff's long explanation in his Motion about counsel's computer or the ECF webpage freezing, (*see* Doc. 54, at 6–7), does not provide a basis for me to reconsider my finding that Plaintiff's counsel was not diligent.

Plaintiff also claims that I failed to consider counsel's diligence after the untimely complaint was filed and counsel's diligence once Plaintiff's prior counsel asked him to file the complaint, including in the immediate moments before the complaint was filed.  (*Id.* 54, at 6–10).  As Defendant correctly points out, Plaintiff is merely advancing arguments that I previously rejected.  (*See* Doc. 58, at 5–8.)  In his opposition to Defendant's summary judgment motion, Plaintiff averred that counsel was diligent after the complaint was filed.  (*See* Doc. 39, at 5.)  I rejected this argument, and held that "Plaintiff [did] not demonstrate[] that he acted diligently during the relevant time period." (9/23/20 O&O 5.)  I also rejected Plaintiff's arguments that counsel was diligent upon receiving the case from Plaintiff's former counsel.  I explained that

---

should be stricken for exceeding the page limits prescribed by my Individual Rules & Practices.

6

> In mid-April, Opoku asked Viswanathan to file the Complaint, roughly two weeks before the filing deadline. (Levine Decl. Exh. 4, 6–8; Pl. Fact St. ¶ 11.) Rather than immediately filing the Complaint, Viswanathan instead waited until "late in the evening on April 30th, 2018" to file the Complaint. (Levine Decl. Exh. 5, at 7.) Plaintiff's counsel failed to explain why he did not file the Complaint within the two weeks before the filing deadline. Therefore, he failed to act diligently, and cannot invoke equitable tolling.

(*Id.* at 7.) Additionally, I observed that "[a] court in this District has found that technical problems with the ECF system, when plaintiff waited until the last day to file a complaint, is not sufficient to warrant the application of equitable tolling." (*Id.* at 6) (collecting cases). Plaintiff's attempt to disparage his former counsel and his litany of reasons for why the complaint was not timely filed, (*see* Doc. 54, at 9–10), are unavailing. Plaintiff is simply "relitigating old issues" and attempting to take "a second bite at the apple" *Analytical Surveys, Inc.* 684 F.3d at 52 (internal quotation marks omitted)—which is improper on a motion for reconsideration.

Second, Plaintiff argues that Defendant should have filed a motion to dismiss pursuant to Federal Rule 12(b)(6), not a motion for summary judgment, and that doing so has "caused manifest injustice." (Doc. 54, at 11). Although Plaintiff may have preferred the lower standard of proof applicable to motions to dismiss, that is not the law. "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

Third, Plaintiff argues that I failed to consider two arguments made in his opposition brief: that the IRS's denial of his administrative claim ("Denial Letter") was not actually final, and thus the statute of limitations was never triggered, and that the Southern District of New York's Court's Electronic Case Filing Rules and Instructions ("SDNY ECF Rules") excuse his untimely complaint. (Doc. 54, at 11–12.) However, I "need not detail all of [my] reasons for granting summary judgment, and any arguments [Plaintiff] made that were not expressly rejected

in the Opinion and Order were rejected implicitly." *Dreni v. Printeron Am. Corp.*, 1:18-cv-12017-MKV, 2021 WL 4066635, at *3 (S.D.N.Y. Sept. 3, 2021) (citation omitted); *see also Miller v. Metro. Life Ins. Co.*, 17 Civ. 7284 (AT) (SN), 2018 WL 5993477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018) ("there is no requirement for a court to specifically address each and every argument raised by a party" (citation omitted)).

> Regarding Plaintiff's finality argument, 28 C.F.R. § 14.9(a) provides that
>
> Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

Although a party's request for agency reconsideration of a final denial can extend the time period for filing suit in district court, *see id.* § 14.9(b), there is no indication that Plaintiff did so here. The Denial Letter met the criteria of 28 C.F.R. § 14.9(a) and thus triggered the running of the FTCA's statute of limitations, 28 U.S.C. § 2401(b). *See Abdelmoneim v. Dep't of Army*, No. 12-CV-5268 (DLI)(JMA), 2014 WL 1277905, at *3 (E.D.N.Y. Mar. 27, 2014) (finding FTCA claim time barred where plaintiff did not file suit within six months and the denial letter "was in writing and sent by certified mail to Plaintiff's attorney" and "stated the reasons for the denial of Plaintiff's claims and warned that Plaintiff was required to file suit in district court within six months if he was unsatisfied with the Agency's decision."). Here, like in *Abdelmoneim*, the Denial Letter was in writing, was sent by certified mail to Plaintiff's attorney at the time, stated the reason for denial, and warned Plaintiff that he had six months to file suit in district court. (Doc. 33-6.) Courts within this Circuit have held that where a letter in response to an administrative claim references § 14.9 and meets the criteria of § 14.9, the letter is a final denial of the claim, triggering the six-month FTCA limitation period. *See Abdelmoneim*, 2014 WL

8

1277905, at *3; *Greenberg v. Kraich*, No. 04 Civ. 3647(NRB), 2004 WL 2414006, at *3 (S.D.N.Y. Oct. 28, 2004); *Glorioso v. FBI*, 901 F. Supp. 2d 359, 362–63 (E.D.N.Y. 2012); Plaintiff provides no reason why I should find otherwise.

Regarding Plaintiff's argument that the SDNY ECF Rules excuse his untimely complaint, Defendant correctly points out that that "Section 11 of the SDNY ECF Rules provides only that 'a Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court,'" (Doc. 58, at 9).[4]  Section 11 references Section 23, which provides that "[i]f you missed a filing deadline when the ECF system was out of order, attach a statement to your filing explaining how the interruption in service prevented you from filing in a timely fashion."[5]  As Plaintiff himself notes, these are merely "guidelines" that "prescribe[] the procedure" to take if a party misses a filing deadline. (*See* Doc. 54, at 12.)  "Section 11 does not, and could not, empower the Court to grant relief where, for some reason, the failure to make a timely filing otherwise eliminated whatever power the Court otherwise might have had." *Banguah v. Rodriguez*, No. 04 Civ. 7227(LAK), 2005 WL 2482487, at *1 (S.D.N.Y. Oct. 6, 2005).  Plaintiff's argument therefore is unpersuasive.

Finally, Plaintiff argues that I applied the wrong test when determining whether Plaintiff was entitled to equitable tolling.  (Doc. 54, at 13–15.)  Plaintiff argues that I should have applied the test laid out in *Phillips v. Generations Family Health Center*, 723 F.3d 144, 150 (2d Cir. 2013).  (*See id.*) (arguing that "the precise test that need [sic] to be followed by everyone is the correct two-part Equitable Tolling test laid down in Wong, 2015 and the Phillips in 2013")

---

[4] Quoting ECF Rules & Instructions § 11 (Apr. 1, 2020 ed.), https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20040120%20-%20COVID%20v2.pdf.

[5] *Id.* § 23.6.Al.

9

(internal quotation marks omitted). This is precisely the test I applied in my 9/23/2020 O&O. (*See* 9/23/2020 O&O 5, 7) (explaining that "[t]o qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented him from filing his claim on time, and that he acted with reasonable diligence throughout the period he seeks to toll.") (quoting *Phillips*, 723 F.3d at 150) (citing to *Phillips* in my finding that counsel failed to act diligently, and therefore cannot invoke equitable tolling). Plaintiff asserts that a jurist's "error" "can leave both judge and litigator in a pickle." (Doc. 54, at 1). Here, however, Plaintiff finds himself in a pickle of his own brining; accordingly, his Motion is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration with regard to the 9/23/20 O&O is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Entry 53 and to close the case.

SO ORDERED.

Dated: September 15, 2021
      New York, New York

                                           Vernon S. Broderick
                                           United States District Judge